**Fred DOYLE, Plaintiff-Appellant,**

v.

**MT. HEALTHY CITY SCHOOL DISTRICT BOARD OF EDUCATION, et al., Defendants-Appellees.**

No. 80–3422.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 4, 1981.

Decided Jan. 13, 1982.

being confronted with an even more objectionable candidate.

Frederick G. Cloppert, Jr., Columbus, Ohio, Robert M. Weinberg, Gary L. Sasso, Bredhoff, Gottesman, Cohen, Chanin, Weinberg & Petramalo, Washington, D. C., for plaintiff-appellant.

John C. Burkholder, Columbus, Ohio, Philip S. Olinger, Terrace Park, Ohio, for defendants-appellees.

Before EDWARDS, Chief Circuit Judge, ENGEL, Circuit Judge, and PECK, Senior Circuit Judge.

PER CURIAM.

This case has a lengthy history which has been fully recited in *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). The background facts, which have not changed at all, were recited fully by Justice Rehnquist's opinion:

Doyle was first employed by the Board in 1966. He worked under one-year contracts for the first three years, and under a two-year contract from 1969 to 1971. In 1969 he was elected president of the Teachers' Association, in which position he worked to expand the subjects of direct negotiation between the Association and the Board of Education. During Doyle's one-year term as president of the Association, and during the succeeding year when he served on its executive committee, there was apparently some tension in relations between the Board and the Association.

Beginning early in 1970, Doyle was involved in several incidents not directly connected with his role in the Teachers' Association. In one instance, he engaged in an argument with another teacher which culminated in the other teacher's slapping him. Doyle subsequently refused to accept an apology and insisted upon some punishment for the other teacher. His persistence in the matter resulted in the suspension of both teachers for one day, which was followed by a walkout of a number of other teachers, which in turn resulted in the lifting of the suspensions.

On other occasions, Doyle got into an argument with employees of the school cafeteria over the amount of spaghetti which had been served him; referred to students, in connection with a disciplinary complaint, as "sons of bitches"; and made an obscene gesture to two girls in connection with their failure to obey commands made in his capacity as cafeteria supervisor. Chronologically the last in the series of incidents which respondent was involved in during his employment by the Board was a telephone call by him to a local radio station. It was the Board's consideration of this incident which the court below found to be a violation of the First and Fourteenth Amendments.

In February 1971, the principal circulated to various teachers a memorandum relating to teacher dress and appearance, which was apparently prompted by the view of some in the administration that there was a relationship between teacher appearance and public support for bond issues. Doyle's response to the receipt of the memorandum—on a subject which he apparently understood was to be settled by joint teacher-administration action—was to convey the substance of the memorandum to a disc jockey at WSAI, a Cincinnati radio station, who promptly announced the adoption of the dress code as a news item. Doyle subsequently apol-

ogized to the principal, conceding that he should have made some prior communication of his criticism to the school administration.

Approximately one month later the superintendent made his customary annual recommendations to the Board as to the rehiring of nontenured teachers. He recommended that Doyle not be rehired. The same recommendation was made with respect to nine other teachers in the district, and in all instances, including Doyle's the recommendation was adopted by the Board. Shortly after being notified of this decision, respondent requested a statement of reasons for the Board's actions. He received a statement citing "a notable lack of tact in handling professional matters which leaves much doubt as to your sincerity in establishing good school relationships." That general statement was followed by references to the radio station incident and to the obscene-gesture incident.

*Id.* at 281–83, 97 S.Ct. at 573–74 (footnote omitted).

On these facts the United States District Judge who heard this case in the first instance granted relief to the plaintiff finding that the nonrenewal by the Board was based in substantial part on Doyle's protected right of speech in relation to the Cincinnati radio station incident and this court had affirmed by per curiam decision. The Supreme Court upheld the District Court's finding that protected activity had played a substantial part in the decision not to rehire Doyle, but this fact did not automatically warrant the relief which had been ordered. The Court then said:

> Initially, in this case, the burden was properly placed upon respondent to show that his conduct was constitutionally protected, and that this conduct was a "substantial factor"—or, to put it in other words, that it was a "motivating factor" in the Board's decision not to rehire him. Respondent having carried that burden, however, the District Court should have gone on to determine whether the Board had shown by a preponderance of the evidence that it would have reached the same decision as to respondent's reemployment even in the absence of the protected conduct.

*Id.* at 287, 97 S.Ct. at 576 (footnote omitted).

The Supreme Court then remanded the case for further proceedings. The District Judge then determined from the original record that "the Board has established by a preponderance of the evidence that Doyle would not have been renewed because of the incidents—exclusive of the radio incident—which had occurred during the year or so prior to the nonrenewal."

The record does disclose some major reasons; one involving "obscene gestures to correct students in a situation in the cafeteria causing considerable concern among those students present," and another concerning what is referred to as the "s.o.b." name-calling incident. We read this record as disclosing that while appellant Doyle had some fine qualities as a teacher, he also had a very quick temper.

On the whole record, we cannot find that the District Judge's finding of fact on remand is clearly erroneous. The judgment of the District Court is affirmed.